UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY and
FORD GLOBAL TECHNOLOGIES,
L.L.C.,

        Plaintiffs,

v.

INTERMOTIVE, INC., and
GREGORY E. SCHAFER,

        Defendants.
_____/

Case No. 4:17-cv-11584
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

## **ORDER GRANTING IN PART, DENYING IN PART and DEEMING RESOLVED IN PART DEFENDANT INTERMOTIVE'S MOTION TO COMPEL (ECF NO. 70)**

**A.   Background**

Plaintiffs' amended complaint sets forth claims of relief based on federal trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), unfair competition, trademark dilution, cancellation of trademark registration pursuant to 15 U.S.C. § 1064 (since dismissed), and declaratory judgment. (ECF Nos. 26, 35.) Defendants have set forth amended counterclaims, which include infringement of a registered trademark, unfair competition under § 43(a) of the Lanham Act, breach of contract, unfair competition, trade secret misappropriation under the Michigan Uniform Trade

Secrets Act (MUTSA), and false advertising.  (ECF No. 42.)  The Court granted partial summary judgment as to the latter of these claims.  (ECF No. 65, PageID.1806.)

Pursuant to the Court's October 24, 2019 scheduling order, the discovery cutoff was December 9, 2019.  (ECF No. 67.)

**B.     Instant Motion**

On November 25, 2019, Defendant InterMotive filed a motion to compel damages discovery, which specifically seeks:  (1) discovery concerning Ford's sales, profits, and customer information; (2) the manner in which Ford markets its vehicles using InterMotive's Upfitter Interface Module (UIM) technology; (3) evidence and witness testimony it plans to use at trial before its required disclosure in the joint final pretrial order (JFPO); and, (4) the Surveillance Mode technology.  (ECF No. 70.)[1]

Ford has filed a response, InterMotive has filed a reply, and the parties have submitted a joint statement of resolved and unresolved issues.  (ECF Nos. 71, 73, 75.)  Judge Berg referred this motion to me for hearing and consideration, and I

---

[1] Among the attachments to Defendant InterMotive's motion are:  (a) Ford's November 6, 2019 answers to Interrogatories 10-13 (ECF No. 70-2); (b) Ford's November 6, 2019 answers to Requests for Production 24-37 (ECF No. 70-3); (c) Defendants' November 6, 2019 revised Fed. R. Civ. P. 30(b)(6) deposition notice (ECF No. 70-4); and, (d) Ford's November 7, 2019 answers to Interrogatories 14-15 (ECF No. 70-5).

conducted a hearing on January 28, 2020, at which attorneys Jared Cherry and Andrew M. Grove were present. (ECF Nos. 72, 74.)

C. **Order**

For the reasons stated on the record, all of which are incorporated by reference as if included herein, InterMotive's motion to compel (ECF No. 70) is **GRANTED IN PART**, **DENIED IN PART**, and **DEEMED RESOLVED IN PART**. Specifically:

- The request to compel the information regarding sales of Ford vehicles sold with its UIM, as requested in **Deposition Topics 2 & 8, Interrogatories 11-13,** and **Document Requests 24, 30, 31, & 32,** is **GRANTED, and Ford's related objections are OVERRULED.** Ford will produce the requested information, to the extent it is available, and may do so subject to the Stipulated Protective Order (ECF No. 44).

- A request to compel a response to related **Interrogatory No. 10** was made by oral motion, because Ford had stated in its November 6, 2019 answer that the requested information would be produced, but, as of the January 28, 2020 hearing, it had yet to fully do so. (*See* ECF No. 70-2, PageID.1841.) The matter was taken up at the hearing, without objection from Ford. A supplemented response is accordingly **COMPELLED**: **(1)** because the answer made no objection to the question; **(2)** because a full response was promised but not rendered; and, **(3)** for the reasons given above by the Court in its decision to compel answers and responses to certain discovery requests. Ford will respond to Interrogatory 10 consistent with the stipulation and representations which were placed on the record, and it will provide "sufficient detail to enable [InterMotive] to locate and identify [the records] as readily as [Ford] could[,]" Fed. R. Civ. P. 33(d)(1), including referencing specific production numbers of units coming in and going out.

3

> If the number of units bought equals the number sold, as has been represented, the interrogatory response must clearly say so.

- The request to compel information as to profits Ford made because of its UIM, as specified in **Deposition Topic 4** and **Document Requests 33, 34 & 37** is **DENIED WITHOUT PREJUDICE**, as InterMotive conceded at oral argument that it "needs the sales information but not necessarily the profit information." However, if Ford intends to use this information in its proofs at trial, or if any of its witnesses will rely upon it in support of their testimony or opinions, it must be produced: **(1)** in response to Interrogatory No. 14 and/or Document Request 38, as discussed *infra*; **(2)** in compliance with *duces tecum* deposition notices requesting information upon which the witness intends to or may rely; or, **(3)** pursuant to Ford's ongoing obligation to supplement discovery responses under Fed. R. Civ. P. 26(e).

- The request to compel the information regarding customers to whom Ford sold vehicles, as specified in **Deposition Topic 5** and **Document Requests 24, 29, 30, 31, 32** is **DENIED**.

- As for discovery related to the manner in which Ford markets its vehicles using InterMotive's UIM technology (**Deposition Topics 6 & 7 and Document Request 35**), the motion is **RESOLVED**.

- The request to compel responses to **Interrogatory No. 14** and **Document Request 38** regarding pre-JFPO production of discovery about evidence and witness testimony Ford plans to use at trial is **GRANTED**. Ford must provide the information to the extent now known or anticipated, with appropriate caveats and future supplements, as necessary.

- As for discovery about the Surveillance Mode technology, Ford need not provide a further response to **Document Requests 26 and 28**, but Ford must produce the documents requested in **Document Request 27**.

(*See* ECF No. 70, PageID.1835-1836; ECF No. 75, PageID.2022.)

Ford should produce the material ordered above no later than **Friday, February 28, 2020**. InterMotive will have until **Monday, March 30, 2020** by which to conduct follow-up Fed. R. Civ. P. 30(b)(6) depositions. All interrogatory answers shall be provided under oath, as required by Fed. R. Civ. P. 33(b)(3). Any additional requested changes to the scheduling order should be addressed with Judge Berg.

**IT IS SO ORDERED.**

Dated: January 31, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE