UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY and
FORD GLOBAL TECHNOLOGIES,
L.L.C.,

        Plaintiffs,

v.

INTERMOTIVE, INC., and
GREGORY E. SCHAFER,

        Defendants.
_____/

Case No. 4:17-cv-11584
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER (1) GRANTING INTERMOTIVE'S MOTIONS TO SEAL (ECF Nos. 81, 98); (2) GRANTING IN PART & DENYING IN PART FORD'S MOTION FOR SANCTIONS (ECF No. 87); and (3) TAKING UNDER ADVISEMENT INTERMOTIVE'S MOTION FOR SANCTIONS (ECF No. 79)**

## I. OPINION

### A. Background

The instant lawsuit is based on a dispute between two Plaintiffs/Counter-Defendants, Ford Motor Company and Ford Global Technologies, L.L.C. (hereinafter collectively referred to as "Ford"), and two Defendants/Counter-Plaintiffs, InterMotive, Inc. and its President, Gregory E. Schafer (hereinafter collectively referred to as "InterMotive"). The operative pleadings are Ford's

amended complaint (ECF No. 26) and Defendants' second amended counterclaims (ECF No. 42).

The parties were previously before the Undersigned with respect to InterMotive's November 25, 2019 motion to compel (ECF No. 70), which the Court granted in part, denied in part, and deemed resolved in part. (ECF No. 76.) Among other things, the January 31, 2020 order required production of information sought by deposition topics, interrogatories, and document requests, and Ford was to produce the material ordered no later than Friday, February 28, 2020, objections to certain discovery requests having been overruled. (ECF No. 76, PageID.2028-2030.) Ford did not file any objections to the January 31st Order.

### B. Pending Motions

Currently before the Court are two motions for sanctions: (1) InterMotive's March 12, 2020 motion for sanctions under Fed. R. Civ. P. 37(b) (ECF No. 79), regarding which two sealed exhibits (ECF Nos. 80 & 97), a response (ECF No. 91), two declarations (ECF Nos. 92, 93), a reply (ECF No. 96), and a statement of resolved and unresolved issues (ECF No. 99) have been filed; and, (2) Ford's April 3, 2020 motion for sanctions based on discovery misconduct (ECF No. 87), regarding which a response (ECF No. 94), a reply (ECF No. 95), and a statement of resolved and unresolved issues (ECF No. 100) have been filed. Also pending

before the Court are two motions to seal (ECF Nos. 81, 98), as to the latter of which Ford filed a response at the Court's direction. (ECF No. 102.)

I now consider all of these motions, either because Judge Berg expressly referred them (ECF Nos. 85, 88), or because the unreferred motion to seal relates to matters already referred to me. Due to the Covid-19 pandemic and the Governor of Michigan's shelter-in-place executive order, I conducted a telephonic hearing on May 20, 2020, at which attorneys Jared Cherry, Gregory D. Phillips, Andrew M. Grove, and Gerald E. McGlynn, III appeared. (ECF Nos. 101, 103.)

### C. InterMotive's Motions to Seal

As stated at the outset of the hearing, InterMotive's motions to seal (ECF No. 81, 98) are **GRANTED**. InterMotive and Ford have sufficiently shown that the subject exhibits involve trade secrets not readily available to the public and regarding which the public's interest is outweighed. *Compare Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) ("Rudd cannot point to any trade secret, or privacy right of third parties, that a seal might legitimately protect."). Accordingly, the subject sealed exhibits (ECF Nos. 80, 97) may remain sealed.

### D. Ford's Motion for Sanctions Based on Discovery Misconduct

Ford provides a "Timeline of Events" related to the Programmable Relay Power Center (PRPC) and Ford's Upfitter Interface Module (UIM), which spans

3

the period from February 26, 2012 , the date of an Archive.org Screen Capture Showing PRPC Product on InterMotive's Website, to September 1, 2016. (ECF Nos. 87-1, 87-6.)[1]

Defendant Shafer was deposed on November 14, 2019, at which time he testified about InterMotive's PRPC and when it was developed. (*See, e.g.*, ECF No. 94-2, PageID.2790.) The discovery deadline was December 9, 2019. (ECF No. 67.) On January 10, 2020, *i.e.*, one month after the close of discovery, Shafer's counsel reported a clarification to Shafer's testimony. (ECF No. 87-2, PageID.2462.)

For the reasons stated on the record, all of which are incorporated by reference as if included herein, Ford's motion (ECF No. 87), as narrowed by the joint statement (ECF No. 100), is **GRANTED IN PART** and **DENIED IN PART**:

**(1)** The motion is **DENIED** to the extent it seeks a ruling that InterMotive willfully, recklessly or in bad faith withheld documents (regarding when it published its trade secret) in discovery in violation of Fed. Rules Civ. P. 26(e) and Fed. R. Civ. P. 37(c)(1). (ECF No. 100, PageID.2954.) Still, the hearing discussion concerned some requests for supplementation, which are hereby **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court is

---

[1] The Court questions the date of September 1, 2016, as the cited InterMotive invoice is dated February 7, 2017. (ECF No. 87-1, ECF No. 87-3, PageID.2466.)

concerned about InterMotive's post-discovery disclosure, which raises questions that Ford should be entitled to explore and that Shafer's April 17, 2020 declaration (ECF No. 94-1, 94-2) does not fully answer. Or, put another way, to the extent the declaration provides an answer, Ford is still entitled to test its veracity. Additionally, the Court also appreciates Ford's concern about the invoices produced (*see, e.g.*, ECF No. 94-1, PageID.2712 ¶ 22) and concludes that Ford is entitled to see what the rest of those invoices look like. Accordingly: **(a)** no later than **Monday, June 22, 2020**, InterMotive will produce Invoice Nos. 1-7 with respect to PRC 501A and Invoice Nos. 1-1071 with respect to PRC 557AX; and, **(b)** Ford has leave to re-depose Shafer, although limited in length to 3.5 hours, to occur no later than **Wednesday, July 22, 2020**, and limited in scope to the subjects of the PRPC and the newly produced invoices. However, the Court will not order InterMotive to provide a further response to Request to Produce No. 5 (user manuals), as Ford did not move to compel this during the discovery period, nor will the Court order InterMotive to provide a further response to Interrogatory 6 (share or disclosure of trade secrets), although Ford may ask Shafer about either of these items if the questions relate to PRPC or the invoices.

    **(2)** The motion is **DENIED** to the extent it sought dismissal of InterMotive's counterclaim for misappropriation of trade secrets, under either Fed. R. Civ. P. 37 or this Court's inherent authority, as the Court is not convinced that

5

sanctionable conduct has occurred. (ECF No. 100, PageID.2955.) The Court agrees with InterMotive that it is hard to get sanctions without a showing of willfulness, which the Court does not find present here. The Court is not convinced that the UIM and the PRPC are sufficiently similar to warrant sanctions. To the extent Ford likens InterMotive's "'shifting and changing explanations' about its PRPC product" with its counsel's colleague's prior conduct in an unrelated case, the Court declines to assess guilt-by-association. (*See* ECF No. 87, PageID.2451.) *Webastro Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 323 F. Supp. 3d 935, 936 (E.D. Mich. Aug. 9, 2018) (Whalen, M.J.) (granting Plaintiffs' Motion for an Order Sanctioning Defendant for Making Material Misrepresentations of Fact to the Court), *report and recommendation adopted sub nom. Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, No. 16-CV-13456, 2018 WL 5098784 (E.D. Mich. Oct. 19, 2018) (Borman, J.). Here, Defendant Shafer was diligent, as he gave his deposition on November 14, 2019, he received the deposition transcript on January 2, 2020 (ECF No. 94-1, PageID.2712 ¶ 21), and his counsel reported the clarification on January 10, 2020, *i.e.*, within 8 days. Even if there is an inconsistency, it does not necessarily equate to sanctionable conduct. Moreover, Ford can exploit any such inconsistency at trial and any claimed prejudice may be cured by the discovery ordered herein.

6

Furthermore, as explained from the bench, the Court is not going to authorize new, broad discovery on a subject that could have been explored more robustly during the discovery period, *i.e.*, prior to December 9, 2019. Ford could have been considerably more active in discovery; instead, it assumed it would win its summary judgment motion without it, an assumption which turned out to be incorrect in light of the Court's September 30, 2019 order, which denied Ford's motion as to InterMotive's counterclaim for trade secret misappropriation under the Michigan Trade Secrets Act. (ECF No. 65, PageID.1794-1800.) It did not take Shafer's deposition until November 14, 2019, at which point there were only 25 days or so remaining in discovery. The Court will neither interpret Ford's instant motion for sanctions (ECF No. 87) as a second round of dispositive practice nor turn it into an opportunity to open discovery as broadly as Ford would like. Ford wants the Court to dispositively rule − as if this were another motion for summary judgment − that InterMotive either did not share a trade secret with Ford or that what InterMotive shared was not a trade secret. Even if InterMotive disclosed the alleged trade secret sometime between 2014 and 2017, it would not necessarily negate the allegation that Ford breached its non-disclosure obligation in 2012 or 2013. Nor is it clear to the Court that the alleged trade secret was disclosed as early as Ford contends, as rebutted by and explained by the April 17, 2020 Shafer

7

declaration. (ECF No. 94-1, PageID.2707-2713.) It is not for the Court to make that factual determination now in the context of a Fed. R. Civ. P. 37 motion.

**(3)** The motion is **DENIED** to the extent it sought monetary sanctions against InterMotive (under Fed. R. Civ. P. 37 or this Court's inherent authority) based on InterMotive's bad faith conduct (ECF No. 100, PageID.2956; *see also* ECF No. 87, PageID.2458), as the Court is not convinced that any such disingenuous conduct occurred.

## II. ORDER

Accordingly, the motions to seal (ECF Nos. 81, 98) are **GRANTED**, and Ford's motion for sanctions (ECF No. 87) is **GRANTED IN PART** and **DENIED IN PART**. InterMotive's motion for sanctions (ECF No. 79) is **TAKEN UNDER ADVISEMENT**. The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated: May 29, 2020               s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE