UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FORD MOTOR COMPANY, et al.**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERMOTIVE, INC., et al.**, <br><br> Defendants. | 4:17-cv-11584 <br><br> **ORDER GRANTING INTERMOTIVE'S MOTION FOR ENFORCEMENT OF THE COURT'S ORDERS** |

Before the Court is InterMotive's request to enforce this Court's Orders and require Ford to pay its expert and attorneys' fees for the months of April, May, and June. ECF No. 146. This marks the second occasion the Court has been called upon to effectuate its sanctions-related orders, having only recently decided InterMotive's Motion for Clarification of the Scheduling Order, ECF No. 130, in order to clarify Ford's obligations under the fees-as-penalty sanctions.

The Court previously ordered sanctions against Ford for its dilatory tactics during discovery. Specifically, the Court held that:

> As sanction for its delay in identifying its expert or producing expert discovery, Ford **SHALL ANY PAY ANY ATTORNEYS' FEES** incurred by InterMotive in reviewing Ford's expert report, preparing for and deposing Ford's expert, and **SHALL FURTHER PAY ANY EXPERT FEES** to be incurred by InterMotive in connection with its preparation of any Rebuttal Expert report. Moreover, Ford

1

**SHALL PAY ANY ATTORNEYS' FEES** incurred by InterMotive in preparing for and conducting any depositions of any witnesses designated by Ford in the Notification required pursuant to this Order.

ECF No. 128, PageID.3422-23.

Having carefully reviewed InterMotive's Motion for Enforcement and Ford's response, it is clear that Ford's failure to pay InterMotive's requested fees in a timely manner comes dangerously close to not complying with this Court's previous sanctions order. Consequently, InterMotive's motion, ECF No. 146, will be granted. Ford is **ORDERED** to pay the bills InterMotive has submitted pursuant to this Court's previous Orders without delay. ECF Nos. 128 and 142.

**WHEREFORE, IT IS HEREBY ORDERED** that InterMotive's outstanding requested fees for the months of April, May, and June shall be paid within seven (7) days of the date of this Order in full, or the Court will impose further sanctions, which may include those sanctions expressly held in abeyance in its previous Order. *See* ECF No. 128, PageID.3422.[1]

---

[1] This Court previously held in abeyance InterMotive's "request to foreclose Ford, provided that InterMotive proves liability at trial, from introducing any evidence reducing InterMotive's damages as established by the records of the worldwide sales of Ford vehicles that are equipped with the alleged violative products" pending Ford's compliance with the Order. ECF No. 128, PageID.3422.

**IT IS FURTHER ORDERED** that Ford shall pay any additional fees submitted by InterMotive to Ford pursuant to the Court's previous Sanctions Order within seven (7) days of receipt by Ford, and in the event that such payment is late, shall pay a further penalty of $1,000 per day to the Clerk of the Court for each day that Ford is past due.

**IT IS FURTHER ORDERED** that Ford's request for a cap on the fees-as-penalty sanctions is **DENIED**.[2] According to the Scheduling Order, ECF No. 147, expert discovery shall close on August 30, 2021.

**SO ORDERED.**

Dated: August 23, 2021        s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 23, 2021.

s/Michael E. Lang~~A. Chubb~~
Case Manager

---

[2] If Ford wishes to raise objections to the reasonableness of specific fees requested by InterMotive, it may seek leave of the Court to do so *after* Ford has paid *all* outstanding bills in connection with the sanctions and once the period for expert discovery has closed.