# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FORD MOTOR COMPANY**, a Delaware corporation, and **FORD GLOBAL TECHNOLOGIES, LLC**, a Delaware Limited Liability Company,<br><br>　　　　Plaintiffs/Counter-Defendants,<br><br>v.<br><br>**INTERMOTIVE, INC.,** a California corporation, and **GREGORY E. SCHAFER**, an individual,<br><br>　　　　Defendants/Counter-Plaintiffs. | Civil Action No.: 17-cv-11584<br>Judge Terrence George Berg |

### INTERMOTIVE, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO ITS MOTION FOR INCREASED PROFIT AWARD UNDER THE LANHAM ACT

Pursuant to Local Rule 5.3(b), Defendants InterMotive, Inc. and Gregory E. Schafer (hereinafter "InterMotive") respectfully move for an Order permitting them to file under seal the following exhibits to its Motion for Increased Profit Award Under The Lanham Act, filed concurrently in the above-captioned action:

**Exhibits A, B and C** of the Declaration of Mark Robinson

InterMotive's request is justified because the exhibits sought to be filed under seal include sales information that Ford previously designated Highly Confidential ~ Attorneys' Eyes Only pursuant to the Protective Order entered in this case. (ECF No. 44).

A determination on a motion for leave to file under seal is made pursuant to the sound discretion of the district court. *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 161 (6th Cir. 1987). The right of the public to access judicial records "is not absolute." *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1179 (6th Cir. 1983). The Sixth Circuit recognizes that "certain privacy rights of participants" are significant interests which can outweigh the public's right to access. *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (additional citations omitted).

Here, the exhibits sought to be filed under seal include Ford's internal, non-public sales information. Ford designated this information as Highly Confidential ~ Attorneys' Eyes Only under the Protective Order entered in this case. The exhibits

1

should be permitted to be filed under seal to respect the privacy rights of the parties. *See Brown & Williams*, 710 F.2d at 1179. Additionally, in compliance with L.R. 26.2(a), InterMotive's motion seeks to seal no more than is necessary and germane to the resolution of its motion—only the exhibits having sales information previously marked as Highly Confidential ~ Attorneys' Eyes Only. Good cause therefore exists for the proposed sealed filing.

Counsel for InterMotive has contacted counsel for Ford on November 28, 2023, via email, regarding the relief requested in this motion. Counsel for Ford concurs in the relief requested in this motion.

For the reasons set forth above, InterMotive respectfully requests that the Court grant its Unopposed Motion for Leave to File Under Seal.

|  | **HOWARD & HOWARD ATTORNEYS PLLC** |
|---|---|
| Date: November 28, 2023 | By: /s/ *Andrew M. Grove*<br>Andrew M. Grove (P48868)<br>Gerald E. McGlynn III (P41149)<br>Joseph W. Barber (P82728)<br>450 West Fourth Street<br>Royal Oak, Michigan 48067<br>Phone: (248) 723-0343 \| Fax: (248) 645-1568<br>jg@h2law.com<br>gem3@h2law.com<br>jwb@h2law.com<br><br>*Counsel for Defendants/Counter-Plaintiffs InterMotive, Inc. and Gregory E. Schafer* |

2

## CERTIFICATE OF SERVICE

I certify that on November 28, 2023, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system, which will cause notice of same to be sent to all counsel of record.

                              **HOWARD & HOWARD ATTORNEYS PLLC**

                              By: /s/ *Andrew M. Grove*
                                  Andrew M. Grove (P48868)
                              450 West Fourth Street
                              Royal Oak, Michigan 48067
                              Phone: (248) 723-0343 | Fax: (248) 645-1568
                              jg@h2law.com