**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**FORD MOTOR COMPANY,** a Delaware corporation, and **FORD GLOBAL TECHNOLOGIES, LLC,** a Delaware Limited Liability Company**,**

Plaintiffs/Counter-Defendants,

**v.**

**INTERMOTIVE, INC.,** a California corporation, and **GREGORY E. SCHAFER,** an individual,

Defendants/Counter-Plaintiffs.

Case No.: 4:17-cv-11584-TGB-APP

Judge Terrence G. Berg
Mag. Judge Anthony P. Patti

# FORD MOTOR COMPANY'S MOTION TO SET BRIEFING SCHEDULE ON INTERMOTIVE'S POST-TRIAL MOTIONS



## CONCISE STATEMENT OF ISSUES PRESENTED

Ford and InterMotive agreed to a stipulation for post-trial briefing, which the Court entered on November 21, 2023. (ECF 254.) The stipulation provided that post-trial briefing would follow a decision on whether the trial was a bench or jury trial. Should the Court set a briefing schedule InterMotive's motions for enhanced damages and a permanent injunction consistent with that Order?

Ford's Answer: Yes
InterMotive's Answer: No
The Court Should Answer: Yes

Alternatively, should the Court grant Ford a 16-day extension to respond?

## CONTROLLING AUTHORITY

Rule 52 requires that "[i]n an action tried on the facts without a jury ***or with an advisory jury***, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1).



# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUES PRESENTED ........................................... i

CONTROLLING AUTHORITY ........................................................................ ii

MOTION ........................................................................................................1

CONCLUSION ................................................................................................3



**MOTION**

On November 28, 2023 InterMotive filed two motions: (1) a motion for "increased profit award" and (2) a motion for a permanent injunction. Both motions are premature in view of the parties' ***stipulated*** order—signed by the Court—which provides for a logical order of post-trial proceedings in which post-trial motions are briefed and decided after judgment is entered. (ECF 254.) InterMotive's recent filings upend that logical order and put the cart before the horse. Ford respectfully requests that the Court enter an order scheduling further briefing on InterMotive's motions consistent with the stipulated order at ECF No. 254. Alternatively, Ford requests a 16-day extension to respond to the pending motions.

This case was tried to a jury in October. However, prior to the trial, Ford moved for a bench trial, because all relief that InterMotive sought was equitable. ECF 221. The Court deferred ruling on that motion until after trial. ECF 227, PageID.8303–10. Following the jury's verdict, the parties entered a stipulation for post-trial proceedings: *First*, the Court would decide Ford's motion, thereby deciding which parts of the verdict, if any, are binding and which advisory. *Second*, if any part of the verdict was advisory, the parties would submit proposed findings of fact and conclusions of law. *Third*, pursuant to Fed. R. Civ. P. 52, the

Court would enter judgment using the proposing findings of fact and conclusions of law. *Fourth*, the parties would file post-trial motions.

Ignoring the stipulation it had entered just a week prior, InterMotive filed motions to "increase" part of the damages award and for a permanent injunction. Ford asked InterMotive to agree to brief the issue consistent with the stipulated schedule the Court recently entered, but InterMotive refused.

InterMotive's motions are premature. The motion for "increased" damages is premised on the jury's liability finding. Ford challenges this finding in its pending Rule 50(a) motion and will challenge in its Rule 50(b) motion. But the Court has not yet ruled whether the jury's liability finding is binding or merely advisory. If advisory, the Court will determine damages: Rule 52 requires that "[i]n an action tried on the facts without a jury ***or with an advisory jury***, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). InterMotive's motion thus requires that the Court first decide whether the jury's verdict was merely advisory. The Court has not ruled on Ford's motion for bench trial, no judgment has been entered, and the Court may decide damages for itself. If it does so, Rule 52 findings of fact and conclusions of law are required. Only then would it be appropriate to undertake InterMotive's motion for an increase in any awarded damages.

InterMotive's motion for a permanent injunction must also await judgment, because it is based on an assumption of liability which, as just explained, Ford challenges in its Rule 50 motions. "Although the rule refers only to the granting or refusing of interlocutory injunctions, the language 'all actions tried upon the facts without a jury' encompasses suits in which permanent injunctions are issued." *U.S. v. Rohm & Haas Co.*, 500 F.2d 167, 177 (5th Cir. 1974). Accordingly, the Court cannot determine whether InterMotive is entitled to injunctive relief, because there is no liability judgment from which to order an injunction nor the required findings under Rule 52.

Common sense compels deferring the decision on InterMotive's motions consistent with the stipulated schedule. Without knowledge of whether the jury's verdict is advisory or not, the parties must guess at what arguments to make—what parts of the verdict form count and what is subject to later revision from the Court. Logic dictates that the Court first decide the facts, and then determine what remedies flow from those facts.

**CONCLUSION**

Ford respectfully requests that the Court enter an order scheduling further briefing on InterMotive's motions consistent with the stipulated order at ECF No. 254.

Alternatively, Ford requests a 16-day extension to respond to the pending motions. The motions are presently due on December 12. With extension, the responses would be due on December 28.

Respectfully submitted,

Dated: December 6, 2023

/s/Justin B. Weiner

Justin B. Weiner (83954)
Bush Seyferth PLLC
100 W. Big Beaver Rd., Suite 400
Troy, MI 48084
Tel: (248) 822-7800
E-mail: weiner@bsplaw.com

John S. LeRoy (P61964)
Marc Lorelli (P63156)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: jleroy@brookskushman.com
mlorelli@brookskushman.com

*Attorneys for Ford*