# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FORD MOTOR COMPANY**, a Delaware corporation, and **FORD GLOBAL TECHNOLOGIES, LLC**, a Delaware Limited Liability Company,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>**INTERMOTIVE, INC.,** a California corporation, and **GREGORY E. SCHAFER**, an individual,<br><br>Defendants/Counter-Plaintiffs. | Civil Action No.: 17-cv-11584<br>Judge Terrence George Berg |

## INTERMOTIVE'S RESPONSE TO FORD'S MOTION TO SET BRIEFING SCHEDULE ON INTERMOTIVE'S POST-TRIAL MOTIONS

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................1

II.  INTERMOTIVE'S MOTION IS TIMELY AND SHOULD ASSIST
     THE COURT NOW ....................................................................................1

III. FORD'S MOTION TO DELAY IS MERITLESS.........................................3

IV.  INTERMOTIVE'S MOTION FOR AN INJUNCTION IS TIMELY ............4

V.   CONCLUSION............................................................................................4

## TABLE OF AUTHORITIES

**STATUTES**

15 U.S.C. § 1117(a) ...................................................................................1, 2

**RULES**

Fed. R. Civ. P. 50(a)......................................................................................3

Fed. R. Civ. P. 50(b) .....................................................................................4

I. INTRODUCTION.

Ford's motion should be denied for the reasons explained below

II. INTERMOTIVE'S MOTION IS TIMELY AND SHOULD ASSIST THE COURT NOW

InterMotive filed its Motion for Increased Profit Award (ECF No. 257) when it did because the briefing on it should assist the Court in moving ahead with the case, and most immediately with deciding Ford's motion for bench trial in ECF No. 221 ("Motion Addressing the Issue Whether the Court Should Decide Issues in the Case as Opposed to a Jury"). InterMotive's motion moots the jury / bench trial issue as to the trademark remedy because it informs the Court that the final decision on the disgorgement of profits remedy in this case rests with the Court. If there was a question before about whether the Court or jury should award profits under the Lanham Act, that question is moot now because InterMotive is seeking enhanced or increased profits, which is clearly only for the Court. Until now, InterMotive had not sought the increased profit remedy provided under §1117(a) of the Lanham Act, nor could it, because there was no profits award to enhance. But now, there is an award to enhance, and the law is clear that the Court has the sole power to do this regardless of who made the initial award. Section 1117(a) states, pertinent part:

> *The court shall assess such profits* and damages *or cause the same to be assessed under its direction.* In assessing profits, the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.

1

> In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. *If the court shall find that the amount of recovery based on profits is either inadequate or excessive, the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty.*

15 U.S.C. § 1117(a)(relevant portions italicized). Here, the Court caused profits "to be assessed under its direction" by the jury, which is permitted under a literal reading of the language above; and now the Court may increase the profits award at its discretion.

As InterMotive reports in its Motion for Increased Profit Award, InterMotive is indeed invoking §1117(a), which gives the Court final say in the matter of the remedy for trademark infringement and unfair competition. InterMotive is notifying the Court that it is invoking this section, and this helps the Court clarify its role in determining the final remedy for these claims as it moves toward entering judgment. So it makes more sense, and is more helpful to the Court, to have this clarity now. Now the Court can consider the jury verdict and adjust it, and then make its own findings as to its conclusions.

2

### III.  FORD'S MOTION TO DELAY IS MERITLESS

Ford suggests that InterMotive is somehow reneging on its stipulation, but this is not correct.  A primary purpose of the stipulation was to moot the Rule 50(a) motion that Ford filed in a formal way because Ford's motion is indeed moot now that the case has gone to the jury.  This mooting of Ford's motion needed to happen to avoid pointless briefing and delay. The briefing schedule – such as it was – was secondary.

Moreover, InterMotive did not agree to refrain from filing any motions or otherwise not pursuing its case against Ford.  InterMotive understands that Ford is content to delay the final judgment in this case, but InterMotive is not.  The case has been pending since 2017 – due in part because of Ford's delays, and Ford shows no interest in concluding it any time soon.

Ford argues that it is illogical for InterMotive to file its motion when it did, but this is mistaken as reported above.  It makes less sense for InterMotive to wait for the Court to decide the pending jury / bench issues, decide on a profit award, and then have to revisit the issue *again* later, after InterMotive seeks an increase of the profit award.  It is more efficient for the Court to know that InterMotive is seeking the increase now.

3

## IV.  INTERMOTIVE'S MOTION FOR AN INJUNCTION IS TIMELY

InterMotive also filed a motion for a permanent injunction (ECF No. 256), and this is ready to be briefed. There is no compelling reason to delay. The Court is unlikely to vacate the jury fact findings on liability including ownership, infringement and willful infringement (ECF No. 247) because these were all supported by substantial evidence. It is true that the Court could overturn the jury following a Rule 50(b) motion, but that is unlikely – and in any event, the Court can render its decisions when it wishes.

## V.  CONCLUSION

Ford's motion should be denied.  Otherwise, InterMotive does not oppose granting Ford a short extension to respond.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

By: */s/ Andrew M. Grove*
  Andrew M. Grove (P48868)
  Gerald E. McGlynn III (P41149)
  Joseph W. Barber (P82728)
  Dane M. Lepola (P82742)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Tel: (248) 723-0343
Fax: (248) 645-1568
E-mail:  jg@h2law.com
    gem3@h2law.com
    jwb@h2law.com
    dlepola@howardandhoward.com

4

*Attorneys for Defendants*

Dated: December 7, 2023

## CERTIFICATE OF SERVICE

I certify that on December 7, 2023, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system, which will cause notice of same to be sent to all counsel of record.

By: */s/ Andrew M. Grove*
Andrew M. Grove (P48868)
HOWARD & HOWARD ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, Michigan 48067
Phone: (248) 723-0343
Fax: (248) 645-1568
Email: jg@h2law.com