UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FORD MOTOR COMPANY, AND FORD GLOBAL TECHNOLOGIES, LLC,**<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>**INTERMOTIVE, INC.,** and **GREGORY E. SCHAFER,**<br><br>Defendants/Counter-Plaintiffs. | 4:17-CV-11584-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER RESOLVING PRE-TRIAL & MID-TRIAL MOTIONS**<br><br>**(ECF NOS. 191–197, 199, 228, 231, 240, 244)** |

Leading up to and during the trial in this matter, the parties filed numerous motions that the Court addressed from the bench without a written order. Because it appears that the Court's rulings on these motions were not contemporaneously recorded on the docket, the Court memorializes its rulings in this Order. The reasoning and authorities in support of these rulings can be found by referencing the trial transcript at the citations provided herein. Accordingly, so that the dispositions of the motions may be recorded with clarity on the docket, **IT IS HEREBY ORDERED**, for the reasons stated on the record, that:

1) Defendants' Motion in Limine to Bar Damages Evidence on Trademark Issues (ECF No. 191) is **GRANTED**. ECF No. 218, PageID.8181–83.

2) Defendants' Motion in Limine to Bar Untimely and Surprise Exhibits (ECF No. 192) is **GRANTED IN PART** and **DENIED IN PART**. ECF No. 218, PageID.8184–87.

    Specifically, as stated on the record, "the Court will deny InterMotive's motion as it pertains to Exhibits 290 through 296, 300 through 309, 313 through 320, 331, 471 through 575, and 693 through 696." *Id.* at PageID.8186. "Additionally, the Court will also deny InterMotive's motion as it pertains to Exhibits 60, 106, 154, 280 and 281, 322 and 333, and as to Exhibits 56 through 59, 156 through 159, 163 through 164, and 326 through 329." *Id.* The Court will deny InterMotive's motion as to Exhibits 90 through 94. *Id.* at PageID.8187. The Court will grant InterMotive's motion as to Exhibits 61, 107 through 113, 119 through 131, 135 through 149, 160 and 162, 165 through 169, 395 and 396, and 398 through 404, and as to Exhibits 97 through 100, 321, and 324." *Id.* at PageID.8187–88.

3) Defendants' Motion in Limine to Bar Late-Disclosed Witnesses (ECF No. 193) is **GRANTED** as it pertains to Michael Hrecznjy and Anna Gabara and **DENIED** as it pertains to John Melvin. ECF No. 218, PageID.8188–90.

4) Plaintiffs' Motion in Limine to Exclude New Claims by InterMotive Regarding Ford's New Products (ECF No. 194) is **GRANTED**. ECF No. 218, PageID.8191.

5) Plaintiffs' Motion in Limine to Exclude Hearsay and Unauthenticated Evidence of Customer Confusion (ECF No. 195) is **GRANTED IN PART** and **DENIED IN PART**. ECF No. 218, PageID.8192–93.

6) Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding InterMotive's Alleged Product Requirements Specification (ECF No. 196) is **DENIED**. ECF No. 218, PageID.8194–95.

7) Plaintiffs' Motion in Limine Regarding Implied License (ECF No. 197) is **GRANTED**. ECF No. 218, PageID.8197–99.

8) Plaintiffs' Motion in Limine to Exclude Improper & Irrelevant Damages Evidence (ECF No. 199) is resolved as below:

    I. **GRANTED IN PART** as it pertains to limiting any potential recourse for Defendants' breach of contract counterclaim and

> Defendants' false advertising counterclaim to nominal damages. *See* ECF No. 266, PageID.11151–54.
>
> II. **DENIED IN PART** as it pertains to the following:
>
> > a. Limiting any potential recourse for Defendants' unfair competition counterclaim to nominal damages, ECF No. 266, PageID.11160–63;
> >
> > b. Excluding evidence of Plaintiffs' unjust enrichment related to the entirety of the Upfitter Interface Module ("UIM"), ECF No. 199, PageID.7436;
> >
> > c. Excluding evidence of Plaintiffs' vehicle profits, *Id* at PageID.7436;
> >
> > d. Excluding evidence of unjust enrichment by Plaintiffs that occurred after November 29, 2013, *Id.* at PageID.7436.
>
> III. **DENIED IN PART WITHOUT PREJUDICE** as to Plaintiff's motion to require that all remaining damages claims be tried to the Court. The Court ruled that the jury should render a verdict on the amount of damages and that, if the Court later should determine that it was responsible for making the damage determination, it would treat the jury's verdict as advisory. *See* ECF No. 227, PageID.8310 ("The Court will retain the option of determining later whether the jury's verdict should be advisory.)"; *see also* ECF 243.

9) The Court initially took Plaintiffs' Motion for Prompt Curative Instructions (ECF No. 228) under advisement. ECF No. 238, PageID.8651–52. At the end of the trial, Plaintiffs filed a Renewed Motion for Prompt Curative Instructions. ECF No. 244. After reviewing all the testimony, the Court finds a curative instruction unwarranted. ECF No. 266, PageID.11111–13. Plaintiffs' Motion for Prompt Curative (ECF No. 228) and Renewed Motion for Prompt Curative Instructions (ECF No. 244) are **DENIED**.

10) Plaintiffs' Motion to Preclude Undisclosed Evidence About Breach of Contract, Unfair Competition, and False Advertising Damages

(ECF No. 231) is **DENIED**. ECF No. 250, PageID.9437–39; ECF No. 251, PageID.9662.

11) Plaintiffs' Renewed Motion to Exclude Testimony of Mark Robinson (ECF No. 240) is **DENIED**. ECF No. 264, PageID.10820–53.

**IT IS SO ORDERED.**

Dated: January 22, 2024         s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE